No. 20-0037   –   *In Re Grandparent Visitation of L.M., A.M., E.M., J.M., B.M., and S.M.*

**FILED**
**June 8, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Chief Justice, dissenting:

The best interests of the child standard, the preeminent determinative factor in the resolution of cases involving children,[1] applies with equal force to matters concerning a request for grandparent visitation. *See, e.g.*, W. Va. Code § 48-10-101 (eff. 2006) ("The Legislature finds that circumstances arise where it is appropriate for circuit courts or family courts of this state to order that grandparents of minor children may exercise visitation with their grandchildren. The Legislature further finds that *in such situations*, as in all situations involving children, *the best interests of the child or children are the paramount consideration*." (emphasis added)); Syl. pt. 2, *In re Hunter H.*, 231 W. Va. 118, 744 S.E.2d 228 (2013) ("The best interests of the child are expressly incorporated into the Grandparent Visitation Act in *W. Va. Code* §§ 48-10-101, 48-10-501,

---

[1]*See, e.g.*, *In re L.M.*, 235 W. Va. 436, 445, 774 S.E.2d 517, 526 (2015) ("[I]n all cases involving children, the polar star is the best interests of the child."); *State ex rel. Jeanne U. v. Canady*, 210 W. Va. 88, 97, 554 S.E.2d 121, 130 (2001) ("[T]he best interests of the child is the polar star by which all matters affecting children must be guided." (citations and footnote omitted)); *Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children." (citation omitted)). *See also* Syl. pt. 3, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013) ("'Cases involving children must be decided not just in the context of competing sets of adults' rights, but also with a regard for the rights of the child(ren).' Syllabus Point 7, *In re Brian D.*, 194 W. Va. 623, 461 S.E.2d 129 (1995)."); Syl. pt. 3, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("Although parents have substantial rights that must be protected, the primary goal . . . in all family law matters . . . must be the health and welfare of the children.").

1

and 48-10-502 [2001].”); *State ex rel. Brandon L. v. Moats*, 209 W. Va. 752, 763, 551 S.E.2d 674, 685 (2001) (observing that grandparent visitation statutes “inclu[de] . . . a burden of proof standard requiring grandparent(s) seeking visitation to prove by a preponderance of the evidence that the requested visitation ‘is in the best interest of the child’” (citing W. Va. Code §§ 48-2B-7(a, c))); *Mary Jean H. v. Pamela Kay R.*, 198 W. Va. 690, 693, 482 S.E.2d 675, 678 (1996) (per curiam) (“The best interests of the child must be given greatest priority, and the rights of the child are superior to those of the grandparent seeking visitation.”); Syl. pt. 1, *Petition of Nearhoof*, 178 W. Va. 359, 359 S.E.2d 587 (1987) (“A trial court, in considering a petition of a grandparent for visitation rights with a grandchild or grandchildren pursuant to *W. Va. Code*, 48-2-15(b)(1) [1986] or *W. Va. Code*, 48-2B-1 [1980], shall give paramount consideration to the best interests of the grandchild or grandchildren involved.”). *See also State ex rel. Jeanne U. v. Canady*, 210 W. Va. 88, 97 n.10, 554 S.E.2d 121, 130 n.10 (2001) (recognizing that “the [‘polar star’] concept is . . . applicable to matters in which visitation with children is being adjudicated”).

Unfortunately, in its resolution of the case *sub judice* and despite its repeated acknowledgement of this requisite finding, the majority fails to meaningfully consider whether the lower courts’ award of grandparent visitation satisfies the best interests of the six children with whom visitation is sought. For this reason, I respectfully dissent.

In its opinion, the majority quotes West Virginia Code section 48-10-501 (eff. 2006), the statute that establishes the "[n]ecessary findings for [a] grant of reasonable visitation to a grandparent." Specifically, section 48-10-501 requires that "[t]he circuit court or family court shall grant reasonable visitation to a grandparent *upon a finding that visitation would be in the best interests of the child* and would not substantially interfere with the parent-child relationship." (Emphasis added). The majority similarly references West Virginia Code section 48-10-702(a) (eff. 2001), which also makes the best interests of the child an essential statutory criterion that must be satisfied before grandparent visitation may be awarded. *See id.* ("If a petition is filed pursuant to section 10-402 when the parent through whom the grandparent is related to the grandchild does not: (1) Have custody of the child; (2) share custody of the child; or (3) exercise visitation privileges with the child that would allow participation in the visitation by the grandparent if the parent so chose, *the grandparent shall be granted visitation if a preponderance of the evidence shows that visitation is in the best interest of the child*." (emphasis added)).

The majority additionally cites the statutory factors that a court is required to consider when ruling on a grandparent visitation request, which include, as the final element, a determination of whether an award of grandparent visitation is in the best interests of the child with whom visitation is sought. Pursuant to West Virginia Code section 48-10-502 (eff. 2001), the "[f]actors to be considered in making a determination as to a grant of visitation to a grandparent" require a court to conduct a thirteen-factor analysis, which expressly includes a consideration of the subject child's best interests:

3

In making a determination on a motion or petition [for grandparent visitation] the court shall consider the following factors:

. . . .

(13) Any other factor relevant to the best interests of the child.

W. Va. Code § 48-10-502(13).

Finally, the majority quotes *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015), which further acknowledges that a consideration of a child's best interests is an integral part of a determination of whether grandparent visitation should be awarded in a particular case. The passage quoted by the majority reads:

A fundamental principle, properly gleaned from the scholarly writings and legal opinions reviewed by this Court, is that the pronouncements of *Troxel*[*v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000),] do not predispose every case to an ultimate determination favoring the natural parent in a complete and conclusive manner. An assessment of the specific circumstances of each case is still required, and while the reviewing court must accord special weight to the preferences of the parent, *the best interests of the child are not to be ignored and must be included as a critical component of the dialogue regarding visitation* or custody.

*Id.*, 235 W. Va. at 265, 773 S.E.2d at 31 (footnote omitted; emphasis added).

Yet despite these reiterations of the need for a consideration of the children's best interests, the majority's opinion fails to conduct such an analysis but for its brief discussion of the final factor of the thirteen-factor test set forth in West Virginia Code

4

section 48-10-502(13), which requires a court to evaluate "[a]ny other factor relevant to the best interests of the child." Despite this strict directive, the majority's analysis of this factor is rather stark and succinctly finds that consideration of this factor weighs in favor of visitation because, as the lower courts speculated, the acrimonious relationship between the children's mother and their grandparents suggests that, if the court does not order grandparent visitation to occur, the mother's wishes will prevent the facilitation of this relationship either because she will discourage visitation or because the children will not feel safe expressing their desire to visit with their grandparents in light of the atmosphere of hostility between their mother and their grandparents.

Words cannot describe the unspeakable tragedy that these children witnessed and that ultimately has culminated in the instant grandparent visitation proceeding. Though children often are resilient, they also need time to process feelings they may not, given their tender ages, always be able to understand and clearly communicate. As Justice Hutchison aptly noted in his dissenting opinion, the children's therapists have recognized the children's continuing struggle to cope with these events and question whether they are ready to visit with their grandparents at this point in time because, in their professional opinions, the children need more time to heal. Moreover, it is essential to note that all of these therapists have withdrawn from their treatment of the children as a result of their concerns as to whether court-ordered grandparent visitation is consistent with the children's best interests. The reunification therapist also had trepidation in following the lower courts' orders to facilitate grandparent visitation at the time of his evaluation of the

5

parties, and, as represented by the parties during oral argument, he, too, has withdrawn from the case because of his ethical dilemma in following the courts' orders when he questioned whether such directives best served the children. Yet none of these therapists' concerns or resignations are mentioned, much less discussed, in the majority's opinion in this case.

In spite of these indicia of the children's best interests, and the indisputable command that a best interests analysis is an integral part of a grandparent visitation analysis, the majority has failed to recognize either the significance of the children's circumstances in this case or its obligation to follow the mandate of the statutory and common law governing grandparent visitation proceedings. *See, e.g.*, W. Va. Code § 48-10-101; Syl. pt. 2, *Hunter H.*, 231 W. Va. 118, 744 S.E.2d 228. Although the majority's opinion repeatedly acknowledges the need for a determination of the children's best interests, it fails to include such an analysis despite its lengthy discussion of every other statutory factor. Instead, the majority gives short shrift to factor thirteen—the only best interests factor. By briefly considering the children's best interests, the primary focus of this factor's analysis is not on the paramount consideration of the decision that best serves the children but, rather, on the competing sets of adults' rights at issue herein—the mother's right to parent her children versus the grandparents' right to have a continuing relationship with their grandchildren. Because the majority has failed to meaningfully consider the children's best interests in this case, when they were expressly required to do so, I respectfully dissent.

6